UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SUCKOW, )<br>            )<br>            Plaintiff, )<br>            )<br>vs. )<br>            )<br>WIRTZ BEVERAGE OF NEVADA BEER, INC., )<br>            )<br>            Defendant. )<br>_____)  | Case No. 2:14-cv-00334-GMN-NJK<br><br>ORDER IMPOSING SANCTIONS |

Before the Court is Plaintiff's Counsel Daniel Marks' Statement, Docket No. 15, in response to this Court's April 8, 2014, Order to Show Cause, Docket No. 13.

**I.   FACTUAL BACKGROUND**

On April 7, 2014, the Court issued an Order granting with modification the parties' Proposed Discovery Plan and Scheduling Order. Docket No. 11. In doing so, the Court noted that the parties failed to comply with Local Rule ("LR") 26-4. The parties' proposed plan stated, "In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty (20) days prior to the discovery cut-off date[.]" Docket No. 9. This statement is inconsistent with LR 26-4, which states, "All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline."

This was the fourth time that Mr. Marks failed to cite the correct extension or modification standard to the Court. *See* Docket No. 13, at 1. The Court previously notified Mr. Marks of this issue on January 6, 2014, in Case No. 2:13-cv-2009-APG-CWH (Docket No. 12); on January 16,

2014, in Case No. 2:13-cv-2083-JAD-CWH (Docket No. 16); and on January 30, 2014, in Case No. 2:13-cv-2157-APG-CWH (Docket No. 16). Mr. Marks submitted a certification on January 7, 2014, confirming that he reviewed the correct extension standard and LR 26-4. *See* Docket No. 13 and Docket No. 14 in 2:13-cv-2009-APG-CWH. In addition, Mr. Marks again certified on January 15, 2014, that he reviewed the correct extension standard and LR 26-4. *See* Docket No. 19 in 2:13-cv-2083-JAD-CWH. Further, Mr. Marks again submitted a certification on February 6, 2014, confirming that he reviewed the correct extension standard and LR 26-4. *See* Docket No. 18 and Supplemental Docket No. 19 in 2:13-cv-2157-APG-CWH.

On February 7, 2014, the Court sanctioned Mr. Marks for his "knowing and continuing violation of the LR 26-4." Docket No. 22, at 2, in 2:13-cv-02157-APG-CWH. In that same case, Mr. Marks represented to the Court that "[a]ll employees are now fully informed regarding Local Rule 26-4 and no future compliance issues will occur." *Id.*, Docket No. 21, at 2.

On April 8, 2014, after Mr. Marks again violated LR 26-4, the Court ordered Mr. Marks to show cause in writing, no later than April 15, 2014, why he should not be sanctioned up to and including a $5000 court fine for his failure to comply with the Local Rules in violation of LR IA 4-1.[1] Docket No. 13, at 2. Mr. Marks filed his Statement Regarding Order to Show Cause on April 15, 2014. Docket No. 15. A hearing addressing the issue was held on April 24, 2014. *See* Docket No. 18.[2]

II.  **ANALYSIS**

LR IA 4-1 instructs that the Court "may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney ... who, without just cause ... fails to comply with these [Local] Rules." Mr. Marks was ordered to "submit a written brief addressing why the Court should

---

[1] This Order to Show Cause included Christopher Marchand, Mr. Marks' co-Counsel in this matter, as it was Mr. Marchand's second violation with respect to LR 26-4.

[2] For good cause shown at the hearing, the Court discharged the Order to Show Cause with respect to Mr. Marchand.

2

not impose monetary sanctions ... for his failure to comply with the Local Rules in violation of Local Rule IA 4-1." Docket No. 13, at 2.  In the hearing on that Order to Show Cause, Mr. Marks admitted that his endorsement (via signature as Counsel of Record) and submission of a Court filing that inaccurately cited LR 26-4 was a violation of the Local Rule.  Accordingly, Mr. Marks did not comply with this Court's standing Order that he cease his "knowing and continuing violation of the LR 26-4." Docket No. 22, at 2, in 2:13-cv-02157-APG-CWH.  Further, Mr. Marks cannot claim to have been unaware that his failures in this regard required immediate rectification, considering his previous representation to the Court that "[a]ll employees are now fully informed regarding Local Rule 26-4 and no future compliance issues will occur." *Id.*, Docket No. 21, at 2.  Moreover, in his Response to the Court's Order to Show Cause, Mr. Marks stated "I am clearly aware of the rule." Docket No. 15, at 2.

Mr. Marks is clearly capable of compliance, yet he continues to evince the same erroneous conduct, despite having already been sanctioned by the Court, and despite having already certified to the Court on multiple occasions that such violations would no longer occur.  In an attempt to justify his non-compliance, Mr. Marks claimed that the violation was due to a typo, and that he did not "attempt to violate any rule or procedure." *Id.*  As discussed above, however, the Court's admonitions and subsequent warnings in this and three previous cases involving Mr. Marks' violations were clear.

Accordingly, the Court finds that Mr. Marks has failed to justify his repeated non-compliance with this Court's Local Rules. Moreover, Mr. Marks' failure to abide by the Local Rules has disrupted this Court's management of its docket and resulted in additional expense in the administration of this case.  *See Sanders v. Union Pacific Railroad Co.,* 154 F.3d 1037 (9th Cir. 1998).

**III.   SANCTIONS**

For the reasons discussed above, the Court finds the imposition of sanctions supported by just cause based on Mr. Marks' knowing and continuing violation of the Local Rules.  The Court

may award "any and all appropriate sanctions" under LR IA 4-1.  In determining the appropriate sanction, the Court notes that a primary objective of sanctions is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.  *See, e.g., Sanders*, 154 F.3d at 1041 ("In our continuing efforts to achieve justice for individual litigants, we must not allow the flagrant disobedience of judges' orders to bring about further delay and expense.").

The Court finds that Mr. Marks should be sanctioned in his individual capacity in the amount of $100 for this <u>fourth</u> failure to comply with the Local Rules.  This is at the low end of the spectrum of monetary sanctions, but the Court believes the sanction is sufficient to deter similar misconduct in the future.  Mr. Marks should expect that any future violation of the Local Rules will increase the imposition of monetary sanctions to a degree appropriate given the circumstances of any such violation.

Payment by Mr. Marks in the amount of $100 shall be made, no later than May 9, 2014, as a court fine to the "Clerk, U.S. District Court."  Mr. Marks shall file proof of payment within five days of payment.

**IV.   CONCLUSION**

For the reasons discussed above, the Court hereby **SANCTIONS** Mr. Marks in the amount of $100, pursuant to LR IA 4-1.

IT IS SO ORDERED.

DATED: April 30, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

4